IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | |
| : | Case No.: 22-cr-164 |
| BRIAN RICE, : | |
| Accused. : | |

**OPPOSITION TO GOVERNMENT'S
MOTION TO EXCLUDE TIME FROM SPEEDY TRIAL**

Comes now the defendant, BRIAN RICE, by and through counsel and submits this memorandum in opposition to the government's motion to exclude time from speedy trial (Dkt. 119).

**I. Relevant Procedural History**

On May 12, 2022, a grand jury returned an indictment charging the defendant in the above-captioned matter. At that time, the magistrate judge ordered him held.

On May 25, 2022, the defendant was arrested.

On May 31, 2022, the defendant was arraigned. The defendant entered a not guilty pleas.

On June 23, 2022, the grand jury returned a second superseding indictment.

On June 29, 2022, the defendant appeared before this Honorable Court for a status hearing. At that time, among other things, the Court upon request of the government excluded time from the speedy trial calculation until the next status hearing set for August 16, 2022.

On July 20, 2022, the government filed its motion to exclude time from the speedy trial calculation. In doing so, the government requests that the Court exclude and additional 180 days from August 16, 2022.

The defendant now files this objection.

1

## II. Legal Predicate

The Speedy Trial Act requires that criminal defendants be brought to trial within 70 days of being charged, otherwise the accused is entitled to a mandatory dismissal of the charges. The Act also enumerates certain circumstances that allow the courts to delay the time of trial without need for dismissal.

To establish a Sixth Amendment violation, a defendant must show that the *Barker v. Wingo* factors weigh in his favor. 407 U.S. 514 (1972). Those factors are: (1) whether the delay was uncommonly long; (2) what the reason was for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether prejudice resulted to the defendant. 407 U.S. at 530. A one year delay is generally treated as presumptively prejudicial. *United States v. Thomas*, 55 F.3d 144, 149 (4th Cir. 1995) (*citing Doggett v. United States*, 505 U.S. 647 (1992)).

## III. Argument

The defendant submits that the exclusion of an additional 180 days from the speedy trial calculation would amount to a violation of his rights guaranteed by the Sixth Amendment to the United States Constitution. For the reasons detailed below the defendant urges this Honorable Court to deny the government's motion.

### A. Any Delay Is Attributable to Government.

It can not be argued that a delay in this prosecution has already occurred. Mr. Rice was originally arrested on May 25, 2022. He has been detained without bond since the time of his arrest. He has already been in custody, without a trial date, for more than 70 days. This delay can not properly be attributed to Mr. Rice. The government elected the forum and manner in which to seek an indictment by the grand jury.

**B. The Government's Delay in Satisfying It's Discovery Obligation Does Not Justify Exclusion of Time.**

The defendant submits he is prejudice by the unnecessary delays in this matter. This is due to his detention and the conditions under which he is being detained. It is an infringement on his liberty that can not be justified by the government's frustration in satisfying her discovery obligations.

At the time of the original indictment no discovery had been made available to the defense. The same was true at the time of the superseding indictment. Days prior to the status hearing held on June 29, 2022, the government began making disclosures. Contemporaneously to doing so the government requested that the defendant provide an external hard-drive in order to receive additional items. While defense counsel has begun to review the disclosures made thus far, the government has not returned the provided external hard-drive. Reportedly, the government has nearly 2 terabytes of data to provide.

Counsel for the defendant provided the requested external hard-drive more than 30 days ago. Again, the government has not delivered the hard-drive. The failure of government to act in an expeditious manner in satisfying its legal obligations should not prejudice this defendant.

**C.   A 180 Day Exclusion Is Unwarranted.**

In its moving papers, the government request this Honorable Court take the extraordinary step of excluding an additional 180 days. Notwithstanding the government's contention concerning the discovery and "complex" nature of the case, there is no justification for such a substantial exclusion. Again, the manner and means by which the government has elected to prosecute this case should not prejudice the defendant.

As opposed to prejudicing the defendant this Honorable Court should consider other viable alternatives that would permit the government to move forward and protect the defendant's Sixth

Amendment rights. First the Court could sever Mr. Rice from his now co-defendants. A trial limited to the allegations against Mr. Rice would certainly involved a smaller universe of evidence to be presented at trial. It would limit the need for the government present evidence certain evidence which could reduce the resources necessary to be devoted to this case. Second, this Court could establish a deadline for the government to satisfy all of its discovery obligations. Once the date is establish, the government should be barred from producing any additional discovery. Third, the Court could divide the current 19 defendants into two separate groups for trial. This would also limit the scope of evidence to be presented and substantially reduce the universe of discovery to be produced and reviewed.

### D. Defendant's Detention Should Be Considered.

Again, Mr. Rice is detained. He has been detained since his arrest in this matter on May 25, 2022. At the time of this writing he has been detained for more than 70 days. The granting of the government's request for the exclusion of an additional 180 days would result in his detention for nearly a year without the setting of a trial date. If this Honorable Court grants the government request it should find that such an exclusion qualifies as a material change in circumstances and set conditions of release for Mr. Rice.

## IV. Conclusion

Wherefore the defendant urges this Honorable Court to deny the government's request for the exclusion of 180 days from the speedy trial calculation in the above-styled matter.

I ASK FOR THIS,

BRIAN RICE
By Counsel


_____/s/_____
ROBERT L. JENKINS, JR.

4

Bynum & Jenkins Law
United States District Court Bar No.:  CO0003
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
rjenkins@bynumandjenkinslaw.com
Counsel for Defendant BRIAN RICE

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served via ECF to all counsel of record on this August 14, 2022.


_____/s/_____
ROBERT L. JENKINS, JR.
Bynum & Jenkins Law
United States District Court Bar No.:  CO0003
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
rjenkins@bynumandjenkinslaw.com
Counsel for Defendant BRIAN RICE